Filed 3/10/16  P. v. Walton CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PREVIN L. WALTON,<br><br>    Defendant and Appellant. | D068800<br><br><br>(Super. Ct. No. SCD127128) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

OVERVIEW

In 1997, a jury convicted defendant and appellant Previn L. Walton of robbery, and the court found true the allegation that defendant had two prior serious felony

convictions for robbery in 1993 involving two separate victims. The court in December 1997 sentenced defendant to 25 years to life plus five years. We affirmed the judgment of conviction in August 1999. (*People v. Walton* (Aug. 24, 1999, D030140) [nonpub. opn.].)

In January 2009, defendant filed a petition for writ of habeas corpus (D054381) (petition). In that petition, Walton contended his sentence violated ex post facto principles because the 1993 convictions used to enhance his 1997 sentence allegedly predated the three strikes law. (Pen. Code,[1] §§ 667 & 1170.12.) In the order denying the petition, we ruled that " ' " ' "[i]ncreased penalties for subsequent offenses . . . attributable to the defendant's status as a repeat offender . . . arise as an incident to the subsequent offense rather than constituting a penalty of the prior offense." ' " ' " We further ruled that at the time defendant "committed the robbery in 1997, Penal Code section 667, subdivision (e)(2), was in effect and [defendant] was on notice that he would be treated more severely if he committed a new felony and had previously been convicted of a serious felony." As such, we concluded defendant's sentence was not illegal.

In July 2015, defendant filed a motion for "[r]ecall of [s]entence" (motion). In the motion, defendant sought to have his 1997 sentenced recalled/modified based on (i) the Three Strikes Reform Act of 2012 (Act); (ii) principles of ex posto facto; and (iii) the case of *People v. Vargas* (2014) 59 Cal.4th 635 (*Vargas*).

---

[1]    All further statutory references are to the Penal Code.

The court in its August 13, 2015 order denied defendant's motion. Regarding defendant's first contention that he was eligible for resentencing under the Act, the court found defendant previously had filed a petition for recall of sentence under section 1170.126, which the court had denied in an October 25, 2013 written order. In that order, the court found that defendant's commitment offense of robbery was a violent felony as defined by section 667.5, subdivision (c)(9); that defendant therefore was ineligible for resentencing (§ 1170.126, subdivision (e)(1)); and that defendant did not challenge that finding on appeal.

As to his second contention, the court in its August 13 order found defendant already had litigated the ex post facto issue in his 2009 petition, which as noted was denied by this court. The court thus denied defendant relief on this issue.

As to defendant's contention in his motion he was entitled to resentencing under *Vargas*, the court in its August 13 order found that this was in fact a new issue raised by defendant and that because this contention "essentially alleges the unlawfulness of his incarceration pursuant to a Three Strikes indeterminate sentence," it treated this portion of defendant's motion as a petition for writ of habeas corpus. The court found *Vargas* inapplicable and denied defendant's motion.

Defendant timely appealed from the order denying his motion. Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), appointed counsel filed a brief on behalf of defendant setting forth the key facts of the case and requesting we review the entire record. In addition, pursuant to *Anders v. California* (1967) 386 U.S. 738, appointed counsel set forth the following possible, but not arguable, issues to assist us in conducting

3

our *Wende* review: whether the court erred in ruling (1) defendant was ineligible for resentencing under section 1170.126, and (2) *Vargas* was inapplicable to defendant.

On our own motion, we gave defendant 30 days to file a brief on his behalf with this court. Defendant in fact filed a supplemental brief, which we have read and considered in connection with his appeal. Affirmed.

DISCUSSION

On November 6, 2012, California voters approved the Act, which amended the three strikes law effective November 7, 2012. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) Before passage of the Act, a defendant convicted of two prior serious or violent felonies was subject to a 25 years to life sentence upon his or her conviction of *any* additional felony. (*People v. Johnson* (2015) 61 Cal.4th 674, 680; *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1285.) However, the "Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor. In all other cases, the recidivist will be sentenced as a second strike offender." (*People v. Yearwood*, *supra*, at pp. 167-168; see § 1170.126, subd. (e)(1) [noting an "inmate is eligible for resentencing if . . . [t]he inmate is serving an indeterminate term of life imprisonment . . . for a conviction of a felony or felonies that are *not* defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7" (italics added)].)

Here, the court in its August 13 order correctly ruled that defendant's 1997 robbery conviction qualified as a "violent felony" pursuant to subdivision (c)(9) of section 667.5.

4

As such, we independently conclude defendant was ineligible for resentencing under the Act.  (See § 1170.126, subd. (e)(1).)

We also conclude defendant was not entitled to relief based on principles of ex post facto.  As noted, defendant raised this issue in his petition in 2009, which this court denied on the merits.  (See *Sabek, Inc. v. Engelhard Corp.* (1998) 65 Cal.App.4th 992, 997 [concluding a party was barred by estoppel principles from relitigating an issue that already had been decided against that party and noting that preventing relitigation of the same issue promoted judicial economy "by preventing needless litigation"].)

Finally, we conclude defendant is not entitled to relief under *Vargas*.  In that case, our high court held that two prior convictions arising out of a *single* act against a *single* victim could not constitute two strikes under the three strikes law.  (*Vargas*, *supra*, 59 Cal.4th at p. 637.)  There, the defendant had two prior strikes—carjacking and robbery— which were based on the same act of taking the victim's car by force.  (*Id.* at p. 645.)  The trial court counted each prior conviction separately and sentenced the defendant to prison for 25 years to life.

In reversing, our high court concluded that the defendant's case fell into a "rare category" because the defendant's "two strikes were based on the same act."  (*Vargas*, *supra*, 59 Cal.4th at p. 642.)  The court further concluded that treating such a defendant "as a third strike offender[ ] was inconsistent with the intent underlying both the legislative and initiative versions of the Three Strikes law."  (*Id.* at p. 645.)  The court explained the "voting public would reasonably have understood the 'Three Strikes' baseball metaphor to mean that a person would have three chances—three swings of the

5

bat, if you will—before the harshest penalty could be imposed. The public also would have understood that no one can be called for two strikes on just one swing." (*Id.* at p. 646.)

Our high court in *Vargas* noted it previously had held a stay of execution of a sentence under section 654 did not affect whether a felony conviction qualified under the three strikes law. (*Vargas*, *supra*, 59 Cal.4th at p. 642, citing *People v. Benson* (1998) 18 Cal.4th 24, 28-31 (*Benson*).) In making this point, the *Vargas* court recognized *Benson* had posed, but not decided, the issue then before it in *Vargas*: " 'Because the proper exercise of a trial court's discretion under section 1385 necessarily relates to the circumstances of a particular defendant's current and past criminal conduct, we need not and do not determine whether there are some circumstances in which *two prior felony convictions are so closely connected—for example, when multiple convictions arise out of a single act by the defendant as distinguished from multiple acts committed in an indivisible course of conduct—that a trial court would abuse its discretion under section 1385 if it failed to strike one of the priors*.' (*Benson*, *supra*, p. 36, fn. 8, italics added.)" (*Vargas*, *supra*, 59 Cal.4th at p. 643.)

Here, the record shows defendant pleaded guilty in 1993 to "two separate offenses of robbery in the second degree" involving two victims, John Cruz and Tina Carpenter. Although the record shows both offenses occurred on the same day, December 29, 1992, the record shows defendant's two 1993 robbery convictions did not involve a single act on a single victim as was the case in *Vargas*. (See *Vargas*, *supra*, 59 Cal.4th at p. 645.) As such, we independently conclude defendant is not entitled to relief under *Vargas*.

What's more, even if defendant's 1993 convictions arose from multiple acts committed in an indivisible course of conduct, he still would not be entitled to relief under *Vargas.* As noted, our high court distinguished the situation involving multiple convictions arising out of single act against a single victim (i.e., its case) from that of multiple convictions arising from multiple acts committed in an indivisible course of conduct (i.e., *Benson*). (See *Vargas*, 59 Cal.4th at p. 643.) As *Vargas* recognized, *Benson* concluded a stay of punishment under section 654 had no affect on whether a prior felony conviction qualified under the three strikes law. (See *Vargas*, *supra*, 59 Cal.4th at p. 642, citing *Benson*, 18 Cal.4th at pp. 28-31.)

Finally, a review of the entire record pursuant to *Wende*, *supra*, 25 Cal.3d 436 has disclosed no other reasonably arguable appellate issues in connection with defendant's motion.

## DISPOSITION

The court's order denying defendant's motion is affirmed.

BENKE, Acting P. J.

WE CONCUR:

HUFFMAN, J.

AARON, J.

7